**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG A. MYRICK, | : | |
| | : | Civil No. 08-2906 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | O P I N I O N |
| ANNE MILGRAM, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Craig A. Myrick, Pro Se
Mid-State Correctional Facility
#505314B
P.O. Box 866- FMU #18
Wrightstown, NJ 08562

**BUMB, District Judge**

Petitioner, Craig A. Myrick, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court finds that Petitioner's claims are unexhausted and/or procedurally defaulted. Therefore, the petition will be dismissed, without prejudice.

BACKGROUND

Petitioner is currently incarcerated at the Mid-State Correctional Facility on weapons and robbery charges stemming from an incident that occurred on February 26, 2003. (See https://www6.state.nj.us/DOC_Inmate/results, results for Craig

Myrick).  Petitioner's projected maximum release date is February 6, 2009.

Petitioner states in his petition that upon completion of his current sentence, he is to be produced to the New Brunswick Municipal Court to serve a future sentence for shoplifting.[1] Petitioner states that after pleading guilty, on May 7, 2002, he was sentenced to 70 days in jail by the municipal court for the shoplifting offense.  A bail of $85,000 was set.

Petitioner appealed the judgment of conviction and sentence imposed to the Superior Court of New Jersey, Middlesex County, Law Division.  The appeal, based on claims of excessive sentence and excessive bail, was denied on August 30, 2004.  Petitioner appealed the denial to the Superior Court of New Jersey, Appellate Division.  This appeal was eventually dismissed for failure to prosecute.  Petitioner did not present his claims to the New Jersey Supreme Court for certification.

Petitioner filed a post-conviction relief ("PCR") petition in municipal court, asserting claims of excessive sentence, excessive bail, denial of effective counsel, and due process violations.  No evidentiary hearing was held and no disposition

---

[1] Petitioner may attack the validity of his future confinement in this habeas petition.  See Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484 (1973); Peyton v. Rowe, 391 U.S. 54, 67 (1968).

was rendered. Petitioner states that he did not appeal because he could not get an attorney to help him.

Petitioner files this habeas petition, pursuant to 28 U.S.C. § 2254, stating that his bail and sentence for the shoplifting crime are excessive.

On July 24, 2008, Petitioner filed two amended petitions, which this Court has reviewed. On November 24, 2008, Petitioner filed a motion for a preliminary injunction, also considered by this Court.

## ANALYSIS

**A. Standards for Sua Sponte Dismissal**

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

**B.     Exhaustion and Procedural Default**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting

development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

In this case, Petitioner asserts that he did present his claims to the municipal court, the Law Division, and the Appellate Division, but did not present his claims to the New Jersey Supreme Court.  Furthermore, his appeal to the Superior Court of New Jersey, Appellate Division, resulted in a dismissal

for failure to prosecute. "By failing to prosecute his appeal, petitioner procedurally defaulted any claims raised therein because his presentation did not enable the [state courts] to review the claims on their merits." <u>Yost v. Williams</u>, 572 F. Supp.2d 491, 497 n.5 (D. Del. 2008).

When a state prisoner fails to follow a state procedural rule at trial, on appeal, or in a state PCR proceeding, and the state court dismisses a federal claim on independent and adequate state law grounds, a federal habeas court must utilize the "cause and prejudice" test to determine if the claim could be entertained. <u>See</u> <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Coleman v. Thompson</u>, 501 U.S. 772 (1991). The petitioner must demonstrate either (a) good cause for the failure to follow the rule of state procedure and actual prejudice resulting therefrom, or (b) that a miscarriage of justice would result if the court does not address the merits of petitioner's claims. <u>See</u> <u>id.</u>

The Court of Appeals for the Third Circuit has noted that in order to establish "cause" for procedural default, the petitioner must "'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" <u>Werts v. Vaughn</u>, 228 F.3d 178, 193 (3d Cir. 2000) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). With regard to prejudice, the petitioner must show that he was denied

"fundamental fairness" at trial.  See id. (citing Murray, 477 U.S. at 494).

Alternatively, a federal habeas court may review a procedurally defaulted claim if failure to do so would result in a "miscarriage of justice."  See id.  This exception applies "in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . .'"  See id. (quoting Murray, 477 U.S. at 496).

This Court finds that Petitioner has not established "cause" or "prejudice" to overcome this test.  In this case, Petitioner states that his appeal to the Appellate Division was dismissed for failure to prosecute because he could not get an attorney to assist him.  Petitioner has not demonstrated that he was denied "fundamental fairness" in the course of his shoplifting charges.  Further, Petitioner pled guilty to the shoplifting charge.  Thus, it would be inappropriate for him to now claim actual innocence or a miscarriage of justice.

Finally, upon examining Petitioner's habeas claims, it appears that they lack merit.  Petitioner takes issue with the sentence that was imposed, stating that he was sentenced to the maximum sentence, although it was his first adult offense.  (Petition, ¶ 11C).  However, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional

7

limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984); see also  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Furthermore, with regard to Petitioner's bail claim, Petitioner argues that his bail was excessive under the Eighth Amendment of the United States Constitution.  However, Petitioner notes: "For a default on payment of fines this Court first issued a bail in the amount of $65,000 in which I was released on. After being arrested on unrelated matters this Court then issued a bail in the amount of $85,000 for failure to pay . [sic] With disregard for the right to be free of unreasonable bail." (Petition, ¶ 11F).  It is unclear to the Court how bail would affect Petitioner's position at this point, since Petitioner has been convicted and sentenced, and is awaiting return to the county jail to serve his sentence.  The Eighth Amendment prohibition, as incorporated to the States by the Fourteenth Amendment, states that "Excessive bail shall not be required." Thus,

> The test is whether or not the state judges acted arbitrarily in setting bail in violation of that right. It is only where the bail is arbitrary, that is, "only if it is way off the mark to conclude that a certain amount of bond is within the constitutional standard," that a federal court may issue the writ.  If the bail is set within "the substantial range that a reasonable person could conclude falls short of 'excessiveness,' the district court must decline to issue the writ." This Court "cannot act in substitution of judgment for

> that of the state court unless we are convinced that what the state court did was beyond the rational judgment in the face of the facts before it." It is important to emphasize that the role of this Court is not to determine what bail amount or conditions it would have set if it were a state court holding a de novo hearing.

U.S. ex rel. Savitz v. Gallagher, 800 F. Supp. 228, 231 (E.D. Pa. 1992)(citing and quoting United States ex rel. Garcia v. O'Grady, 812 F.2d 347 (7th Cir. 1987) (Easterbrook, Circuit J., concurring))(other internal citations omitted). Here, from the face of the petition, it does not appear that the judge's decision in setting bail was arbitrary, as it was based on sound reasoning as explained by Petitioner.

Therefore, the Court will dismiss the instant habeas claims, without prejudice, under the procedural default doctrine, because the petitioner has not established cause and prejudice for the state procedural default, or that a miscarriage of justice will occur if the claims are not reviewed.

**C.    Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

9

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based on the foregoing, Petitioner's request for habeas relief is denied.  The pending motion for a preventive injunction will be dismissed as moot.

Petitioner may move to reopen this case, within 30 days of the date of entry of the Order accompanying this Opinion, if he wishes to provide more information, in writing; including, whether or not the grounds for relief he asserts in this petition have been raised in all levels of the state courts, when they

were raised, and what the disposition of the claims was by the state courts.  Petitioner may also submit information demonstrating that he has met the procedural default test, as outlined in this Opinion.

    An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: January 12, 2009